IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| CURTIS CREWS, on behalf of himself and others similarly situated, | ) ) ) | Civil Action File No. 3:13-CV-5-TCB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PROSTAR FIRE SYSTEMS, INC., a Georgia Profit Corporation, and JASON JOHNS, individually, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANTS PROSTAR FIRE SYSTEMS, INC.'S AND JASON JOHNS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW Defendants Prostar Fire Systems, Inc. ("Prostar" or "the Company") and Jason Johns ("Mr. Johns") (collectively referred to as "Defendants"), by and through their attorneys of record, and file this Answer to Plaintiff's Complaint ("Complaint").

## DEFENSES

Defendants hereby state the following defenses to Plaintiff's Complaint but do not assume the burden of proof on any such defense except as required by applicable law with respect to the particular defense asserted. Defendants reserve

the right to assert other defenses and otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitation.

## THIRD DEFENSE

Any alleged act or omission giving rise to this lawsuit was in good faith and based on reasonable grounds for believing that such act or omission was not a violation of the Fair Labor Standards Act ("FLSA").  Therefore, Plaintiff is not entitled to recover liquidated damages from Defendant pursuant to 29 U.S.C. § 260.

## FOURTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of laches.

## FIFTH DEFENSE

Plaintiff's alleged causes of action, and each of them, are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## SIXTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH DEFENSE

Plaintiff's claims under the FLSA are subject to setoff, offset and recoupment.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent he is ineligible for overtime compensation under the FLSA via individual coverage.

## NINTH DEFENSE

Plaintiff's claims are barred to the extent he is ineligible for overtime compensation under the FLSA via enterprise coverage.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent he performed duties excluded from the overtime requirements of the FLSA.

## ELEVENTH DEFENSE

Any time spent by Plaintiff beyond his compensated work week is not compensable because it was de minimis.

## TWELFTH DEFENSE

Plaintiff's claims are barred or subject to offset or reduction to the extent that his salary was intended to, and did, compensate him for all hours worked each work week, regardless of the number of hours worked in a particular work week. As such, Plaintiff would be entitled to no more than one-half his regular rate of pay for any overtime hours worked.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, on the ground that, in the event violations of the FLSA did occur (they did not), Defendants' actions were taken in good faith and were neither willful nor reckless.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by one or more of the exemptions provided for in 29 U.S.C. § 213, or applicable regulations.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred to the extent that he was employed in a bona fide executive, administrative, professional, or other exempt capacity.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because Mr. Johns does not qualify as an "employer" under the provisions of the FLSA.

4

**SEVENTEENTH**

Plaintiff's claims are barred, in whole or in part, for failure to mitigate his alleged damages, the entitlement to which is expressly denied.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred as to all hours during which he was engaged in activities that were preliminary or postliminary to his principal activities.

**NINTEENTH DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff did not work over forty (40) hours in any given work week.

**TWENTIETH DEFENSE**

Plaintiff's claims are barred to the extent they seek remedies beyond those provided for by the FLSA.

**TWENTY-FIRST DEFENSE**

Plaintiff is not entitled to an award of attorneys' fees, costs and expenses.

**TWENTY-SECOND DEFENSE**

Defendants reserve the right to amend or assert additional affirmative defenses as facts are developed in the course of additional investigation and discovery.

## RESPONSE TO ENUMERATED ALLEGATIONS

Defendants respond below to the individually numbered paragraphs of Plaintiff's Complaint.  Any allegations or prayers for relief set forth in Plaintiff's Complaint that are not expressly admitted, denied, or otherwise responded to are hereby denied.

## I.    Jurisdiction[1]

1.

Defendants admit that Plaintiff purports to seek declaratory relief and liquidated and actual damages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.*  Defendants state that the allegations contained in Paragraph 1 of the Complaint call for a legal conclusion for which no response is required.  Furthermore, Defendants deny any wrongdoing and deny that Plaintiff is entitled to any relief or damages against Defendants.

2.

Defendants admit that Plaintiff purports to invoke this Court's jurisdiction pursuant to 29 U.S.C. § 216(b).  Defendants state that the allegations contained in

---

[1] Defendants utilize the section headings included in Plaintiff's Complaint for reference purposes only.

Paragraph 2 of the Complaint call for a legal conclusion for which no response is required.

3.

Defendants state that the allegations contained in Paragraph 3 of the Complaint call for a legal conclusion for which no response is required.

## II.   Parties

4.

Upon information and belief, Plaintiff was and continues to be a resident of Jasper County, Georgia.

5.

Defendants admit that Defendant Prostar is a Georgia for-profit Corporation, engaged in business in Georgia, whose principal place of  business is located in Fayette County, Georgia.  Defendants deny all remaining allegations contained in Paragraph 5 of the Complaint.

6.

Defendants state that the allegations contained in Paragraph 6 of the Complaint call for a legal conclusion for which no response is required.

7.

Defendants deny that Mr. Johns was or is a resident of Fayette County, Georgia.

8.

Defendants admit that Mr. Johns is current owner of Prostar.  Defendants further state that they do not possess information sufficient to admit or deny the remaining allegations of Paragraph 8 of Plaintiff's Complaint and, thus, deny those allegations.

9.

Defendants admit that Mr. Johns has the authority to hire and fire ProStar employees.  Defendants state that they do not possess knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 9 of the Complaint and, thus, deny those allegations.

10.

Defendants admits that Mr. Johns has the authority to determine the work schedules for ProStar employees.  Defendants state that they do not possess knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 10 of the Complaint and, thus, deny those allegations.

11.

Defendants admit that Mr. Johns has authority over ProStar finances and operations.   Defendants further state that they do not possess knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint and, thus, deny those allegations.

12.

Defendants deny the allegations contained in Paragraph 12 of the Complaint and further state that these allegations call for a legal conclusion for which no response is required.

13.

Defendants state that the allegations contained in Paragraph 13 of the Complaint call for a legal conclusion for which no response is required.

14.

Defendants state that the allegations contained in Paragraph 14 of the Complaint call for a legal conclusion for which no response is required.

15.

Defendants state that the allegations contained in Paragraph 15 of the Complaint call for a legal conclusion for which no response is required.

16.

Defendants state that the allegations contained in Paragraph 16 call for a legal conclusion for which no response is required.

17.

Defendants state that the allegations contained in Paragraph 17 call for a legal conclusion for which no response is required.

18.

Defendants admit that the annual gross revenue of ProStar exceeds $500,000 per year.

19.

Defendants state that the Company has had more than two employees since its inception.

20.

Defendants admit that the Company has had more than two employees since its inception.

21.

Defendants state that the allegations contained in Paragraph 21 of Plaintiff's Complaint call for a legal conclusion for which no response is required.

22.

Defendants state that these allegations call for a legal conclusion for which no response is required.

23.

Defendants do not possess information or knowledge sufficient to admit or deny the allegations contained in Paragraph 23 and, thus, deny these allegations.

24.

Defendants deny the allegations contained in Paragraph 24 of the Complaint and further state that these allegations call for a legal conclusion for which no response is required.

### III.    Statement of Facts

25.

Defendants admit that Plaintiff began work as a Suppression Technician in or about September 2011. Defendants deny the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants at present are without sufficient information to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint and, thus, deny these allegations.

27.

Defendants state that Plaintiff was appropriately compensated for his work while he was employed by Defendants.

28.

Defendants state that Plaintiff was appropriately compensated for his work while he was employed by Defendants. Defendants further state the allegations contained in Paragraph 28 of Plaintiff's Complaint call for a legal conclusion for which no response is required.

29.

Defendants deny the allegations contained in Paragraph 29 of the Complaint including subparagraphs (a) through (c) in their entirety.

30.

Upon information and belief, Plaintiff has retained the law firm of Morgan & Morgan to represent him.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint and, thus, deny those allegations.

## IV.    <u>Count I: Violation of 29 U.S.C. §207 Overtime Compensation</u>

### 31.

Defendants reallege and reassert their Affirmative Defenses and Responses to Paragraphs 1 through 30 of the Complaint as if fully and completely set forth verbatim herein.

### 32.

Defendants deny the allegations contained in Paragraph 32 of the Complaint and state that Plaintiff was appropriately compensated for his work during his employment with Defendants.

### 33.

Defendants deny the allegations contained in Paragraph 33 of the Complaint and further state that these allegations call for a legal conclusion for which no response is required.

### 34.

Defendants deny the allegations contained in Paragraph 34 of the Complaint in their entirety.

### 35.

Defendants deny the allegations contained in Paragraph 35 of the Complaint in their entirety.

36.

Defendants deny the allegations contained in Paragraph 36 of the Complaint in their entirety.

37.

Defendants deny the allegations contained in Paragraph 37 of the Complaint in their entirety.

38.

Defendants deny the allegations contained in Paragraph 38 of the Complaint in their entirety.

39.

Defendants deny the allegations contained in Paragraph 39 of the Complaint in their entirety.

40.

Defendants deny the allegations contained in Paragraph 40 of the Complaint in their entirety.

41.

Defendants admit that Plaintiff purports to demand a trial by jury.

## V.    Count II: Declaratory Relief

42.

Defendants reallege and reassert their Affirmative Defenses and Responses to Paragraphs 1 through 41 of the Complaint as if fully and completely set forth verbatim herein.

43.

Defendants deny the allegations contained in Paragraph 43 of the Complaint in their entirety and further state that these allegations call for a legal conclusion for which no response is required.

44.

Defendants deny the allegations contained in Paragraph 44 of the Complaint and further state that these allegations call for a legal conclusion for which no response is required.

45.

Defendants deny that Plaintiff is entitled to any relief whatsoever.

46.

Defendants admit that Plaintiff was employed with ProStar.

47.

Defendants state that the allegations contained in Paragraph 47 of Plaintiff's Complaint call for a legal conclusion for which no response is required.

48.

Defendants state that the allegations contained in Paragraph 48 of Plaintiff's Complaint call for a legal conclusion for which no response is required.

49.

Defendants state that the allegations contained in Paragraph 49 of Plaintiff's Complaint call for a legal conclusion for which no response is required.

50.

Defendants state that the allegations contained in Paragraph 50 of Plaintiff's Complaint call for a legal conclusion for which no response is required.

51.

Defendants state that the allegations contained in Paragraph 51 of Plaintiff's Complaint call for a legal conclusion for which no response is required.

52.

Defendants deny the allegations contained in Paragraph 52 of the Complaint in their entirety.

53.

Defendants deny the allegations contained in Paragraph 53 of the Complaint in their entirety.

54.

Defendants deny the allegations contained in Paragraph 54 of the Complaint in their entirety.

55.

Defendants deny the allegations contained in Paragraph 55 of the Complaint in their entirety.

56.

Defendants deny the allegations contained in Paragraph 56 of the Complaint in their entirety.

57.

Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint and further state that the allegations contained in Paragraph 57 of the Complaint call for a legal conclusion for which no response is required.

58.

Defendants state that the allegations contained in Paragraph 58 of the Complaint call for a legal conclusion for which no response is required.

59.

Defendants state that the allegations contained in Paragraph 59 of the Complaint call for a legal conclusion for which no response is required.

60.

Defendants deny the allegations contained in Paragraph 60 of the Complaint in their entirety and further state that these allegations call for a legal conclusion for which no response is required.

61.

Defendants admit that Plaintiff purports to demand trial by jury.

WHEREFORE, having fully answered Plaintiff's Complaint and asserted Affirmative Defenses, Defendants pray for Judgment as follows:

1.    That Plaintiff take nothing by reason of the Complaint on file in this matter;

2.    That the Complaint be dismissed as to Defendants with prejudice;

3.    That Defendants be awarded reasonable attorneys' fees and costs of suit incurred in this matter according to applicable law;

4.    For such other and further relief as this Court may deem just and proper under the circumstances.

Respectfully submitted, this 1st day of February, 2013.

/s/ Sara J. Bass
Joseph A. Ciucci
Georgia Bar No. 170109
(E-mail: jaciucci@duanemorris.com)
Sara J. Bass
Georgia Bar No. 140974
(E-mail: sjbass@duanemorris.com)

DUANE MORRIS LLP
1075 Peachtree Street, Suite 2000
Atlanta, Georgia  30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

*Attorneys for Defendants*
*Prostar Fire Systems, Inc. and Jason Johns*

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that the foregoing document complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia.  Counsel hereby states that this document has been typed in Times New Roman 14 count.

*/s/ Sara J. Bass*
Sara J. Bass

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2013, the foregoing DEFENDANTS'
PROSTAR FIRE SYSTEMS, INC.'S AND JASON JOHNS' ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT was filed using
the ECF system, which will send electronic notice to the following attorney:

> Andrew R. Frisch
> Morgan & Morgan, P. FL
> 600 N. Pine Island Road
> Suite 400
> Plantation, FL 33324
> afrisch@forthepeople.com

> */s/ Sara J. Bass*
> Sara J. Bass